STEWARD & LEWIS *v.* MORRIS *et al.*

(Division B. Nov. 21, 1932.)

[144 So. 480. No. 30215.]

Luther Maples, of Gulfport, for appellants.

378

**J. C. Ross,** of Gulfport, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a final decree of the chancery court of Harrison county in favor of the appellees, all of whom are laborers, against W. D. Steward and G. C. Lewis, constituting the firm of Steward & Lewis, who were engaged in building a sea wall in Harrison county, Mississippi.

It appears that one J. C. Bonham had a boat with which he was getting sand and gravel at Handsboro, Mississippi, for the use of Steward & Lewis in constructing the sea wall; and he had become indebted to the appellees here (Morris et al.) for labor. He made a contract with said Steward & Lewis by which they were to take the dredge boat and pay what he (Bonham) owed the appellees, and use the dredge boat in filling behind the sea wall with sand from Mississippi Sound.

It appears from some of the evidence that this was a Sunday contract between Bonham and Steward & Lewis, but that on the Monday following, or, at least, on Monday, he made an agreement with appellees (Morris et al.) that, if they would go with the boat around Mississippi Sound, and if they would remain on the dredge boat as employees, Steward & Lewis would pay whatever Bonham owed them.

There is no dispute about the amount owing to the appellees (Morris et al.), but the contention is as to whether or not Steward & Lewis were liable for the amount.

Without going into the details of this law-suit, we have examined the evidence and pleadings, and, regardless of whether the contract between Bonham and Steward & Lewis was made on Sunday or not, the agreement of Steward & Lewis, on Monday, promising to pay the appellees what Bonham owed them under his contract with them, and their promise to go with the boat, continue the work, and forbear to assert any right they had against Bonham, is a sufficient consideration to constitute a valid contract of novation. In other words, under the evidence

in the case, there was independent consideration flowing from the appellees to Steward & Lewis to constitute a consideration for their agreement.

The chancellor's findings on the evidence cannot be disturbed, and the judgment will be affirmed.

Affirmed.